

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-30237 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00108-TMB-1 |
| v. | |
| ALONZO DEAN JENKINS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 5, 2019**
Anchorage, Alaska

Before:  TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

Defendant Alonzo Jenkins appeals the district court's denial of his motion to suppress a firearm found in the vehicle he had been driving.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We affirm without reaching the thrust of Jenkins' appeal,[1] because Jenkins concedes on appeal that stopping his vehicle comported with the Fourth Amendment and that Sgt. Witte could order him to step out of his vehicle during the traffic stop. Sgt. Evans discovered the weapon in plain view under the driver's seat as he looked into the car after Jenkins exited the vehicle. Accordingly, the weapon was admissible under the plain view exception to the warrant requirement. *See United States v. Hall*, 974 F.2d 1201, 1204 (9th Cir. 1992).

**AFFIRMED.**

---

[1]Jenkins argues that the officers violated the Fourth Amendment, because they conducted a *Terry* frisk absent reasonable suspicion that Jenkins was armed and dangerous. *See Arizona v. Johnson*, 555 U.S. 323, 331 (2009).